19  165
6ap124·
19  165
30ap376
19h    165
73 AD⁶536

GEORGE H. POWER, Respondent, *v.* THE VILLAGE OF ATHENS, Impleaded with others, Appellants.

*Injunction pendente lite — not granted unless absolutely necessary — General Rule 21 — applicable to order to show cause — what not a reasonable time within which to show cause why a party should not be punishable for contempt— Appeal from an injunction does not suspend it — costs of proceedings.*

Plaintiff and the defendant, the village of Athens, each claimed to have the exclusive right to run a ferry between the city of Hudson and the village of Athens. In this action, brought by the plaintiff to restrain the defendant from running the said ferry, the complaint alleged that the defendant had diverted business from the plaintiff, to his great loss and damage, but gave no special details thereof. The defendant alleged that no material or irreparable damage was being done to the plaintiff, and that the defendant was abundantly responsible for any probable sum that plaintiff could recover.

*Held,* that the action was not one in which an injunction *pendente lite* should be granted.

On July seventh an order was granted restraining the defendants, The Village of Athens, and the trustees thereof, from running a ferry from Athens to Hudson. On July eighth the court granted an order, returnable on the tenth, at 10 A. M., at Kingston, requiring the defendants to show cause why they should not be punished for a contempt in violating the injunction. The order was served on the defendants, at Athens, at about noon of July ninth.

*Held,* that the order did not give the defendants "a reasonable time" within which to show cause, and that the discretion of the justice fixing such time was reviewable at General Term.

General Rule No. 21, requiring a non-enumerated motion to be noticed for the first day of the term, unless sufficient cause be shown (and contained in the affidavits served) for noticing it for a later day, is applicable to an order requiring a defendant to show cause why he should not be punished for a contempt in violating an injunction.

An appeal from an order granting a temporary injunction does not supersede or authorize the defendants to disobey it.

Where, however, defendants, in disobeying the injunction, act under the advice of counsel that it is superseded by an appeal taken therefrom, the fine imposed should not exceed the actual damage sustained by the plaintiff, together with his costs and expenses to be taxed under section three of chapter 270 of 1854.

No counsel fee or extra allowance can be granted as part of such costs and expenses.

Appeal by the village of Athens from an order made at a Special Term, granting an injunction restraining the defendants

from running a ferry from the village of Athens to the city of Hudson, and also an appeal by the other defendants, the trustees of the said village, from an order punishing them for contempt in disobeying the same. The latter order after adjudging the defendants to be in contempt, provided, among other things, as follows: And it is further ordered that a fine of twenty-five dollars be and the same hereby is imposed upon each of the said defendants, the Village of Athens, Lewis Wolfe, Harmon F. Dernell, Nathaniel W. Howland, and Israel R. Porter, for the misconduct of such defendants, respectively.

And it is further ordered that the said defendants, the Village of Athens, Lewis Wolfe, Harmon F. Dernell, Nathaniel W. Howland, and Israel R. Porter, pay to said plaintiff, or to Newkirk & Chace, his said attorneys, the plaintiff's costs and expenses of these proceedings, amounting to the sum of $100, and also the further sum of seventy-five dollars for damages, which the parties agree the plaintiff has sustained by reason of the violation of the injunction ordered by the defendants.

And it is further ordered that the said defendants, Lewis Wolfe, Harmon F. Dernell, Nathaniel W. Howland, and Israel R. Porter, be and each of them is hereby directed to stand committed to the common jail of the county of Greene, there to remain charged upon said contempt until the said fine, so imposed upon him as aforesaid, together with the said costs and expenses and the damages of the plaintiff, shall be fully paid, unless he shall be sooner discharged by the court, and that a warrant issue to carry this order into effect.

And it is further ordered that the defendants, the Village of Athens, pay the said fine so imposed upon it as aforesaid to Newkirk & Chace, the attorneys for the plaintiff, within ten days after service upon John Sanderson, Esq., defendant's attorney, of a copy of this order, and, if not so paid, that the plaintiff be at liberty to apply to this court for further order, process or proceedings to enforce the same.

*Samuel Hand* and *John Sanderson*, for the appellants.

*Newkirk & Chace*, for the respondent.

LEARNED, P. J.:

Two appeals are before us ; the one from the order granting an injunction *pendente lite ;* the other from the order punishing a contempt.

1st. In regard to the order granting an injunction. We have had occasion to remark more than once that an injunction *pendente lite* should not be granted, unless the court could clearly see it was needed to prevent irreparable injury — that is, injury which could not be compensated in damages ; or that the injunction itself could do no serious harm to the party enjoined. The merits of the case should be heard at a regular trial. And if the plaintiff be there successful, and a permanent injunction is needed to protect him, he should have it. But, generally, the merits of the case should not, if possible, be disposed of on an application for an injunction *pendente lite.*

In the present case the plaintiff, as lessee from the city of Hudson, claims the exclusive right to run a ferry between Hudson and Athens. The defendants deny the exclusive right, and claim the right, under Legislative grant, also to run a ferry between the two places. The question is important, and involves the construction of several statutes, which, at first, appear to be somewhat conflicting. And both of the parties to the controversy seem to be acting in good faith on their respective claims. There have been at times some arrangements between the parties, in respect to the controversy, which have, however, terminated. And, on the 19th of May, 1879, the defendants began to run a steam ferry between the two places, and have continued to do so.

The plaintiff's complaint avers that thereby the defendants have diverted business travel, and that the plaintiff has suffered great loss and damage ; but no special details or particulars of such loss are shown. No affidavit, on the part of the plaintiff, is served, showing any loss, except the ordinary verification of the complaint.

The defendants, in their affidavit, say that no material or irreparable injury is being done to the plaintiff by the defendants, in running said ferry ; and that the defendants are abundantly responsible for any probable sum which the plaintiff can recover against them, and that they have incurred great expense in

putting the boat on the ferry. The village of Athens, and its president and trustees individually, are the defendants.

There are no facts given, on either side, showing the amount of travel over the said ferries, or either of them. There is no suggestion that the public is injured by the existence of two ferries.

Supposing then that the plaintiff is right in his claim, the only damage which he will suffer during the pendency of this action is the loss of some money by the diversion of travel to the defendant's boat. This damage is not irreparable. It may be recovered from the defendant. Nor is it a loss which cannot be computed. The amount of travel will be susceptible of proof. It will be easy to prove the amount which the defendants shall have received for ferriage during the action.

On the other hand, the damage done to the defendants by the injunction, if, upon a trial, the case should be decided in their favor, is much more difficult to be ascertained. How many persons would have traveled on the defendant's boat, if it had run, would be conjectural. And the damage to them, if they should be prevented from running their boat, it would be difficult to ascertain.

This, then, is decidedly a case in which no injunction should be granted *pendente lite.* The parties should proceed to the trial, and there it should be decided which has the better claim, and then, if necessary, an injunction may be granted.

Perhaps it may be urged that all the facts are matters of record and can come before the court now, as well as on a trial. That may be so. Still, we are of opinion that we ought to do nothing to encourage the practice, far too common, of applying for an injunction *pendente lite,* merely because the plaintiff may be entitled to a final injunction. Such a course has the disadvantage of making the plaintiff successful, before he has tried his case, and of making it the interest of the plaintiff to postpone the trial. We think it best, therefore, to avoid expressing any opinion upon the merits of this case, and simply to say that we do not see that the facts showed any necessity for an injunction pending the action.

Second. As to the order punishing for contempt.

The injunction order was entered July seventh, and was served

on the several defendants, at between half past four and six P. M. of that day. The boat of the defendants made trips after half past four until seven P. M., and the next day. The individual defendants say that, after the service of the injunction, they gave no orders for the boat to run; that a majority of the trustees met as a board that evening and directed that the boat should discontinue running, until an appeal should be perfected. The appeal from the order was served the seventh of July, at twenty minutes past seven, P. M. On the eighth of July the court granted an order to show cause on the tenth why the defendants should not be punished. The order was served at Athens, about noon on the ninth, and was returnable at Kingston, on Thursday, the tenth, at ten A. M., and on the tenth an order punishing the defendants was made.

In this practice the plaintiff's attorneys have not followed the rules of the court. Rule 21 requires non-enumerated motions to be noticed for the first day of term, unless sufficient cause be shown (*and contained in the affidavits served*), for not giving notice for the first day. No cause, whatever, is shown in the affidavits for not giving notice for the first day of term. By the appointments of the judges there was a term at Troy on the seventh of July, and there was to be a term at Kingston, the twelfth. But the tenth was not the first day of any term. Nor does it make this irregularity any the less, that there was an order to show cause. Such an order is but a means of shortening the ordinary time required for a notice of motion. It does not affect the requirement of this rule. And the rule is important. Attorneys should not be liable to be called off to attend a motion at any time, which the opposing party may choose. There are five Special Terms for non-enumerated motions, within this district, in every month, except August, unless the judges are, by business, prevented from holding them. It can seldom be necessary to notice a motion for any day other than one of those on which a Special Term is to be held. And the propriety of observing this rule is still more apparent, when not only attorneys, but parties, personally, are required to appear.

Nor are we able to find in the affidavits any grounds stated why a less time than eight days should have been authorized for the

service. (New Code, § 780.) If we turn to the provisions of the Revised Statutes we find that the accused party is to show cause "at some reasonable time." (2 R. S. [m. p.], 536, § 5.) Undoubtedly, this time is generally within the discretion of the court to which the application is made. But this discretion is not always free from review by the appellate court. And when a village corporation and its trustees, personally, are required to answer for alleged contempt, we do not think it gives a reasonable time to serve them at noon on one day at Athens, and to require their appearance the next at ten A. M. at Kingston.

There are, however, other important questions to be considered. We think that the appeal did not authorize the defendants to disobey the injunction. (*Sixth Avenue R. R.* v. *Gilbert Elevated R. R.*, 71 N. Y., 430.) The language of section 1310 (New Code) is not to be so construed. And it is reasonable to say that the action of the trustees at their meeting on the 7th of July, when they resolved to discontinue running the boat until the president was informed that the appeal was perfected, coupled with the fact that the boat did run on the eighth, is evidence of a violation of the injunction, on the part of those who thus acted. But all the individual defendants say that they gave no orders for the boat to run ; and Mr. Porter is not shown to have been present at the meeting. We cannot see, then, that Mr. Porter, in any way, violated the injunction.

As to the others, they acted under advice of counsel, which should protect them from any fine ; except so much as is necessary to compensate the plaintiffs for actual loss. (*Erie Co.* v. *Ramsey*, 45 N. Y., 654.) The present is especially a case where nothing in the way of punishment, as distinct from compensation, should be imposed. For both parties are plainly acting in good faith. And, on the question of the effect of the appeal, counsel might well have had an opinion contrary to that above expressed.

It appears by the order that the parties agreed on seventy-five dollars as the sum which the plaintiff had sustained by reason of the violation of the injunction order. The only amount, therefore, which could be imposed was a fine of seventy-five dollars,. and sufficient to satisfy the plaintiffs costs and expenses. (2 R. S [m. p.], 538, § 21.) The costs and expenses are regulated by

Session Laws 1854, chapter 270, section 3, and are to be at the rate allowed for similar services in civil actions.   We know of no authority to grant anything by way of extra allowance, or of counsel fee.   (*Sudlow* v. *Knox*, 7 Abb. [N. S.], 411.)

There is no bill of costs or of items of expenses produced.  The only taxable costs which we can discover would be the ten dollars costs of motion.   The expense of serving papers is not proved. Possibly, also, there might be ten dollars costs of the order of July eighth.

We have some doubt whether we ought not to reverse the order altogether for the irregularities and the short time of notice above stated.   But, on the whole, as the parties stipulated the amount of damage, we think that we can do justice better by a modification.

The order punishing for violation of injunction must be reversed as to Porter.   The fines of twenty-five dollars on each defendant must be stricken out; the costs and expenses must be reduced to twenty dollars.   So that there will be imposed in all, on the village and on Wolfe, Dernell and Howland, a fine of seventy-five dollars for damages actually agreed upon, and twenty dollars costs.   No costs of this appeal to either party, Porter having appealed jointly with the other defendants.

The order granting injunction is reversed, with ten dollars costs and printing disbursements.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Ordered accordingly.